IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:22-cr-134-03 |
| Plaintiff, ) | |
| v. ) | |
| ) | **PLEA AGREEMENT** |
| MONTESSA JOY PACKINEAU, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, the defendant, Montessa Joy Packineau, and defendant's attorney, Mark A. Meyer, hereby agree to the following:

1. The defendant acknowledges that the Superseding Indictment charges the Defendant with the following offenses:

   Count One: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846; and,

   Count Three: Distribution of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

2. The defendant has read the charges against defendant in the Indictment, and defendant's attorney has fully explained the charges contained in the Indictment to defendant.

3. The defendant fully understands the nature and elements of the crimes with which defendant has been charged in the Indictment.

4. The defendant will voluntarily plead guilty to the charge contained within Count One of the Indictment, that is, the charge of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances.

5. The parties agree that this Plea Agreement shall be filed and become a part of the Court record, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations that it has agreed to make, as specified in this Plea Agreement, then the defendant acknowledges that this agreement will have been fulfilled and that defendant will have no right to withdraw defendant's guilty plea if the Court does not follow those recommendations.

6. The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count One of the Indictment. In pleading guilty to this charge, the defendant acknowledges the following factual basis for the offense:

2

**Count One**:

Beginning in or about March 2022, and continuing until in or about June 2022, in the District of North Dakota, the Defendant Montessa Joy Packineau knowingly and intentionally combined, conspired, confederated, and agreed with others, to distribute and/or possess with intent to distribute controlled substances, including, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance.

In furtherance of this conspiracy, and to effect and accomplish the objectives thereof, the Defendant Montessa Joy Packineau committed the following overt acts:

a. Montessa Joy Packineau acquired opiate powders containing fentanyl (a/k/a "china white") for use and for distribution from Walter Holmes, Sr., a/k/a "Sonny," in and about Bismarck-Mandan, ND;

b. Montessa Joy Packineau distributed, and assisted in distributing, opiate powders containing fentanyl to other persons in and about Bismarck-Mandan, ND;

c. On June 10, 2022, Montessa Joy Packineau's residence in Mandan, ND, was searched by her probation officer and law enforcement. During the search, officers located a small quantity of "china white" fentanyl powder that

Montessa Joy Packineau had distributed, or intended to distribute, to another person located within her residence; and

d. Montessa Joy Packineau used cellular telephones and social media applications to communicate with conspirators about the acquisition and distribution of "china white" fentanyl powder.

7. The defendant understands that the count within the Indictment to which defendant will plead guilty carry the following maximum penalties:

**Count One**:

Imprisonment: 40 years (minimum: 5 years)
Fine: $5,000,000
Supervised Release: 5 years (minimum: 4 years)
Special Assessment: $100

The defendant agrees that defendant will pay to the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8. The defendant understands that by pleading guilty defendant surrenders certain rights, including the following:

(a) The right to a speedy public jury trial with all of the rights pertaining thereto, as follows:

(i) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defendant's attorney would have a say in who the jurors would be by removing prospective

4

jurors for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict defendant unless, after hearing all of the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(ii) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and defendant's attorney would be able to cross examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

(iv) At a trial the defendant would have a privilege against self-incrimination so that defendant could decline to testify and no inference of

5

guilt could be drawn from defendant's refusal to testify. If the defendant desired to do so, defendant could testify in defendant's own behalf.

(b) The right to remain silent. The judge will likely ask the defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. The defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph and that there will be no trial. The defendant's attorney has explained those rights to defendant, and the consequences of defendant's waiver of those rights.

10. The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2021)(USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. This agreement does not bind any United States Attorney

outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute the defendant for any offenses under their jurisdictions. This Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12. The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom defendant does business, of the defendant's conviction.

13. The parties agree that the following Sentencing Guidelines will apply in this case:

| | | |
|---|---|---|
| USSG § 2D1.1(a)(5)&(c)(8) | 24 | BOL: 40 – 160 g fentanyl |
| USSG § 2D1.1(b)(18) | - 2 | Safety Valve Relief (if qualified) |

The United States reserves the right to argue a higher offense level at sentencing if it is determined through the pre-sentence investigation that Defendant is a "career offender" pursuant to USSG § 4B1.1.

14. The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for defendant's actions. (USSG 3E1.1(a)) If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of

defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

15. The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16. Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guidelines range, and that the Court may depart or vary upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the Sentencing Guideline range. Both parties reserve the right to object to

any departure or variance from the applicable Sentencing Guideline range proposed by the Court on its own motion.

17. Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this Plea Agreement is not a guarantee to the Defendant that those Sentencing Guidelines will, in fact, be included within the Pre-Sentence Investigation Report ("PSR") or be found to apply by the sentencing Court at the sentencing hearing. The PSR will include a Sentencing Guidelines calculation. Both parties' will have an opportunity to object to the Sentencing Guidelines calculations contained within the PSR. The inclusion of Sentencing Guidelines within this Plea Agreement does not preclude either party from objecting to any of the Sentencing Guidelines contained within the PSR, nor does such inclusion prevent either party from advocating for or against application of other Sentencing Guidelines contained within the PSR that are not included within this Plea Agreement.

18.  At the time of sentencing, the United States will:

   (a)  recommend a sentence of imprisonment within the Guideline sentencing range calculated by the Court at the sentencing hearing, or the mandatory minimum sentence, whichever is higher;

   (b)  recommend the defendant be ordered to serve a reasonable period of supervised release not less than 4 years;

   (c)  recommend the defendant be ordered to pay the applicable special assessment; and

   (d)  move to dismiss the remaining count of the Superseding Indictment.

19.  The Defendant may recommend any sentence, including any departure or variance, defendant believes is appropriate, provided defendant notifies the United States of defendant's intent to do so at least five (5) business days prior to the sentencing hearing.

20.  The defendant acknowledges and understands that if defendant:

   (a)  violates any term of this Plea Agreement,

   (b)  engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

   (c)  violates any term of defendant's conditions of release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

10

    (d)    has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pre-trial services officer, including any statements made in any proffer interview(s) in connection with this case, either prior to entry into this plea agreement or at any time after entry into this plea agreement,

    (e)    engages in any form of obstruction of justice, or

    (f)    fails to appear for the change of plea hearing, sentencing hearing, or any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of the United States, and the defendant will face the following consequences: (1) all testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the defendant and to use any information obtained directly or indirectly from the defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case.

21. The defendant acknowledges that defendant has read each of the provisions of this entire Plea Agreement, with the assistance of counsel, and understands its provisions. The defendant and defendant's attorney have discussed the case and the defendant's Constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

22. <u>Restitution</u>: The defendant acknowledges the provisions of Title 18, United States Code, Sections 3663 and 3663A, that require the Court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the Court. The defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether a count or counts of the Indictment will be dismissed as part of this Plea Agreement. In the case of an offense resulting in bodily injury to a victim, the Court may order restitution for the following:

    a. The cost of necessary medical care and related professional services and devices relating to physical, psychiatric, and psychological care, including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    b. The cost of necessary physical and occupational therapy and rehabilitation;

    c. The cost of necessary funeral and related expenses; and,

      d.      Lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

23. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

24. It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

25. **Appeal Waiver**: Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally

attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

26. The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office. The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw defendant's guilty plea.

27. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

28. The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to

Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: 1/25/2023   By: *(signed)* Rick J. Volk
Rick L. Volk
Assistant United States Attorney

Dated: 1-24-2023   *(signed)*
Montessa Joy Packineau
Defendant

Dated: 1-25-23   *(signed)*
Mark A. Meyer
Attorney for Defendant

15